[Cite as *State v. Walters*, 2025-Ohio-5746.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | Case No. 25-COA-007 |
|---|---|
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 24-CRI-179 |
| L'KEZIAH WALTERS | |
| Defendant – Appellant | Judgment:   Affirmed |
| | Date of Judgment Entry:December 22, 2025 |

**BEFORE:**   CRAIG R. BALDWIN, P.J., ROBERT G. MONTGOMERY, KEVIN W. POPHAM, J.;   Appellate Judges

**APPEARANCES:** CHRISTOPHER R. TUNNELL for Plaintiff-Appellee; BRIAN A. SMITH, for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Defendant-appellant L'Keziah Walters appeals the judgment entered by the Ashland County Court of Common Pleas convicting her following pleas of guilty to having weapons while under disability and receiving stolen property, and sentencing her to an aggregate term of incarceration of forty-two months.   Plaintiff-appellee is the State of Ohio.   For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}    On May 14, 2023, an officer observed a blue Dodge Caravan with dealer plates passing him on the roadway.   The vehicle made a right-hand turn without utilizing

its turn signal. Thus, the officer ran a LEADS report on the vehicle. The LEADS report indicated the license plates on the vehicle were stolen. The officer initiated a traffic stop and made contact with Walters, the driver of the vehicle, who stated the vehicle and the items inside belonged to her girlfriend. Walters told the officer she did not have any weapons on her. However, when the officer did a pat-down for safety, he located a loaded handgun in Walters' pocket. The subsequent investigation revealed the vehicle was stolen, and that there was a large amount of stolen merchandise in the vehicle. The vehicle also contained a backpack with ammunition inside of it.

{¶3}  Walters was indicted by the Ashland County Grand Jury with having weapons under disability, a felony of the third degree, carrying a concealed weapon, a felony of the fourth degree, receiving stolen property, a felony of the fifth degree, and possessing criminal tools, a felony of the fifth degree. Some of the counts had accompanying specifications.

{¶4}  Walters pled guilty to Count 1 (having weapons while under disability) and the accompanying specification (forfeiture of a weapon while under disability), and Count 3 (receiving stolen property) and the two accompanying specifications (forfeiture of a weapon while under disability and a firearm specification). The State dismissed Counts 2 (carrying a concealed weapon) and 4 (possessing criminal tools). The trial court sentenced Walters to twenty-four months in prison for having weapons under disability, six months in prison for receiving stolen property, and twelve months in prison for the accompanying firearm specification, to be served consecutively. Walters' aggregate sentence totaled forty-two months in prison. The trial court memorialized Walters' sentence in a March 24, 2025, judgment entry.

{¶5} Walters appeals from the March 24, 2025, judgment entry of the Ashland County Court of Common Pleas, and assigns the following as error:

{¶6} "THE TRIAL COURT COMMITTED PLAIN ERROR IN IMPOSING CONSECUTIVE SENTENCES ON APPELLANT, BECAUSE ITS FINDINGS UNDER R.C. 2929.14(C)(4) WERE NOT SUPPORTED BY THE RECORD."

I.

{¶7} Walters argues the trial court's findings in support of its imposition of consecutive sentences were not supported by the record. We disagree.

{¶8} As an initial matter, Walters did not object to the imposition of consecutive sentences. We therefore review this assignment of error for plain error. An error not raised in the trial court must be plain error for an appellate court to reverse. *State v. Long*, 53 Ohio St.2d 91, 91 (1978); Crim.R. 52(B). In order to prevail under a plain error analysis, Walters bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. *Id*. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Id.*

{¶9} R.C. 2929.14(C)(4) provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crimes or to punish the offender and that consecutive sentences are not disproportionate to the seriousness

of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶10}   The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied.  *State v. Bonnell*, 2014-Ohio-3177, ¶ 29.

{¶11}   The Supreme Court of Ohio recently clarified the standard of review this Court is to apply in reviewing consecutive sentences, and stated as follows:

The statute does not permit an appellate court to simply substitute its view of an appropriate sentence for that of the trial court.  An appellate court's inquiry is limited to a review of the trial court's R.C. 2929.14(C) findings.

R.C. 2953.08(G)(2). Only when the court of appeals concludes that the record clearly and convincingly does not support the trial court's findings or it clearly and convincingly finds that the sentence is contrary to law is it permitted to modify the trial court's sentence.

…

Though "clear and convincing" is typically thought of as an evidentiary standard, the General Assembly has chosen to use that standard as the measure for an appellate court's review of a trial court's R.C. 2929.14(C)(4) findings. As we have explained, 'clear and convincing evidence' is a degree of proof that is greater than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard used in criminal cases. *Gwynne*, 173 Ohio St. 3d 525, 2023-Ohio-3851, 231 N.E.3d 1109, at ¶ 14 (lead opinion), citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The appellate-review statute does not require that the appellate court conclude that the record supports the trial court's findings before it may affirm the sentence. Rather, the statute only allows for modification or vacation only when the appellate court 'clearly and convincingly finds' that the evidence does not support the trial court's findings. R.C. 2953.08(G)(2)(a). 'This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply

substitute its judgment for that of a trial court.'  *Gwynne*, 2023-Ohio-3851, 231 N.E.3d 1109 at ¶ 15 (lead opinion).

*State v. Glover*, 2024-Ohio-5195, ¶¶ 43-46.

{¶12}  In this case, the trial court found as follows: consecutive sentences are necessary to protect the public from future crime or to punish Walters; the sentence is not disproportionate to the seriousness of the offenses and the danger posed by Walters; the offenses were committed while Walters was on probation, and Walters' criminal history demonstrates consecutive sentences are necessary to protect the public.

{¶13}  Walters argues that, although she has a lengthy prior criminal history, the majority of the prior convictions are related to "a potential substance abuse issue," and five years has passed since between Walters' most recent felony conviction and this conviction.

{¶14}  The record reflects that Walters has an extensive criminal history, starting in 2010.  She committed an offense in most of the years in which she was not incarcerated.  Her previous convictions include those for criminal damaging, no operator's license, possession of drugs, felonious assault, forgery, attempted tampering with evidence, and receiving stolen property.  Walters was placed on probation several times, and violated her probation by obtaining new charges.  Walters was placed on probation in 2021, which was scheduled to end in September of 2023.  This incident occurred in May of 2023, while Walters was still on probation.  While Walters' recent criminal history may not have included multiple offenses of violence, her past history includes a conviction for felonious assault, and demonstrates a continued pattern of reoffending.  We find Walters' past criminal history and the facts of the instant offenses support the trial court's

finding that consecutive sentences were appropriate in the instant case. The trial court's imposition of consecutive sentences was supported by the record.

{¶15} Walters also contends the trial court's findings were not properly supported by the record because she was amenable to community control. However, as noted above, Walters was on probation for a prior offense at the time she committed these offenses. Simply because Walters advocated for a treatment-based sentence does not make the trial court's imposition of consecutive sentences unsupported by the record, particularly in a plain-error analysis.

{¶16} Finally, Walters argues that, despite the fact that the trial court never specifically referenced or stated, either at the sentencing hearing or in its sentencing entry, that it considered her invocation of her right against self-incrimination, the court somehow improperly considered Walters' silence in its imposition of consecutive sentences. Walters maintains that because the trial court stated it "reviewed the statements of counsel" and because the prosecutor at sentencing stated that Walters' assertion that she did not know the items in the vehicle were stolen "is probably not true … and she is not exactly honest with law enforcement when they do interact with her in this case," the trial court violated Walters' right against self-incrimination.

{¶17} Most obviously, the trial court never stated it considered Walters' silence in its imposition of consecutive sentences. Rather, the trial court listed several specific reasons as to why consecutive sentences were necessary to protect the public, none relating to Walters' alleged silence when she spoke to police. These included: her extensive criminal record, specifically her prior felony conviction with a firearm specification, her ORAS score of 25 that indicated a moderate risk of reoffending, the fact

that she was in prison four times before, and the fact that she was on probation at the time she committed these offenses. A trial court's mention that it "reviewed" the statements of the prosecutor does not equate to the trial court improperly utilizing the statement the prosecutor made in its imposition of consecutive sentences, particularly in a plain error analysis. In addition, the language the prosecutor used was not definitive (using words such as "probably" and "not exactly"), and did not specifically mention Walters' invocation of her right against self-incrimination. Further, the prosecutor was not arguing *for* consecutive sentences, the prosecutor was arguing *against* the imposition of community control. As detailed above, the trial court made the appropriate findings, which were supported by the record.

{¶18} Upon review of the record, we find the trial court made the appropriate findings and the court's imposition of consecutive sentences was supported by the record. Walters has therefore failed to demonstrate plain error. Accordingly, Walters' assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed.

Costs to Appellant, L'Keziah Walters.

By: Popham, J.

Baldwin, P.J. and

Montgomery, J., concur